DEBORAH M. SMITH
Acting United States Attorney

DAVID A. NESBETT
Special Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-6306
Fax: (907) 271-1500
E-mail: david.nesbett@usdoj.gov
Alaska Bar # 9811075

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:06-cr-00030-JWS |
| | ) | |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S |
| vs. | ) | SENTENCING |
| | ) | MEMORANDUM |
| TRAVIS M. TONEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

   COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, TRAVIS TONEY, who is scheduled to be sentenced on August 25, 2006.  For the reasons provided below, the government concurs with the recommendations made in the final presentence report ("PSR"), except as to the criminal history category,

and, pursuant to the 11(c)(1)(B) plea agreement recommends a sentence within the sentencing range of 37-46 months.

I.    BACKGROUND

On June 13, 2006, the defendant pled guilty to the following two counts of the Indictment: one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and one count of unlawful possession of a controlled substance, in violation of 21 U.S.C. § 844(a). The defendant also admitted to Count 3 of the Indictment, criminal forfeiture, in accordance with 18 U.S.C. § 922(d)(1).

During his plea colloquy, Toney, who had previously been convicted of a felony, admitted that in November of 2004 he possessed a firearm while fleeing from an APD officer. The firearm had been transported in interstate commerce. Toney also admitted that on the same date in November he possessed approximately 1 gram of cocaine base knowing it was a controlled substance.

II.    SENTENCING CALCULATION

    A.    Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant for Count 1 of the Indictment is ten (10) years imprisonment, a $250,000 fine, three (3) years of supervised release, and a $100 special assessment. The maximum sentence that

may be imposed on the defendant for Count 2 of the Indictment is a minimum of fifteen (15) days up to two (2) years imprisonment, a mandatory fine of $2,500, one (1) year of supervised release, and a $100 special assessment.

    B.    <u>Sentencing Guidelines Calculation</u>

As noted in the addendum to the PSR, the United States did not have any objections to the PSR and the defendant's objections have been addressed. Although the guideline imprisonment range as contemplated in the PSR is 46-57 months, the government agrees with the defendant to the extent that his criminal history category is more appropriately a category IV, instead of a category V, wherein the sentencing range would be 37-46 months. The government, therefore, recommends a sentence within the range of 37-46 months.

III.    <u>GOVERNMENT'S SENTENCING RECOMMENDATION</u>

The government respectfully recommends that the court impose a sentence at the low-end of the Sentencing Guidelines, or 37 months.

Mr. Toney has provided some assistance to law enforcement since his arrest but has not provided substantial assistance. Mr. Toney had the ability to qualify for a possible motion for substantial assistance but failed to follow through with the agents. According to ATF, Mr. Toney proved to be unreliable and, based on his cooperation to date, has not provided law enforcement with information that

would justify such a departure downward. To the extent he has cooperated, however, a recommendation at the low-end of the Guideline Sentencing range is appropriate.

Meanwhile, Mr. Toney has been charged with misconduct involving a controlled substance in 2001 and assault in 2002, both as a juvenile. He was then convicted as a young adult of misconduct involving a controlled substance, assault, and escape and malicious destruction of property all in 2004 at the age of 18, and assault and family violence in 2005 at the age of 19.

Here, he was found in possession of a firearm and three bindles of crack cocaine. Regardless of whether he was selling crack cocaine and not using it, as he claims, or whether he was in fact using it himself, Mr. Toney was in possession of crack cocaine and a firearm after having been convicted on more than one occasion of misconduct involving a controlled substance and assault. The felon in possession statue, prohibiting the use and possession of firearms by those who are involved in criminal conduct, was designed to address this type of case.

When considering the sentencing factors in 18 U.S.C. § 3553, therefore, a sentence at the low-end of the sentencing range of 37-46 months is appropriate. Such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the

public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)   **37 months in custody**;

(2)   **No fine is requested** due to the defendant's inability to pay;

(4)   **A three (3) year period of supervised release,** and

(5)   **A special assessment in the amount of $300.00** is, of course, required.

RESPECTFULLY SUBMITTED this 21st day of August, 2006 at Anchorage, Alaska.

          DEBORAH M. SMITH
          Acting United States Attorney

          s/ David A. Nesbett
          Special Assistant U.S. Attorney
          222 West 7th Ave., #9, Rm. 253
          Anchorage, AK 99513-7567
          Phone: (907) 271-6306
          Fax: (907) 271-1500
          E-mail: david.nesbett@usdoj.gov
          Alaska Bar # 9811075

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2006, a copy of the foregoing Government's Sentencing Memorandum was served electronically on **Rich Curtner**.

s/ David A. Nesbett